WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Charles Loomis,<br><br>    Debtor,<br><br>———————————————<br><br>Joseph Charles Loomis,<br><br>    Appellant,<br><br>vs.<br><br>Hunter, Humphrey & Yavitz PLC, et al.,<br><br>    Appellees. | No. CV-14-01295-PHX-SPL<br><br>No. 2:10-bk-01885-MCW<br><br>No. 2:12-ap-00177-GBN<br><br>**ORDER** |

      Before the Court is Appellees Hunter, Humphrey & Yavitz, PLC, and Candess J. Hunter, Isabel M. Humphrey, and Randall S. Yavitz's Motion for Status Hearing (Doc. 5), and Appellant's Motion to Strike (Doc. 8).

      On January 26, 2010, Appellant filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court"), Case No. 2:10-bk-01885-MCW. Appellee Hunter, Humphrey & Yavitz, PLC filed a proof of claim on March 22, 2010, for approximately $95,000 in legal fees incurred while representing Appellant in litigation before the United States District Court for the Eastern District of Virginia. On January 24, 2014, Appellant filed a complaint and objection to the proof of claim in the Bankruptcy Court, Case No. 2:12-ap-00177-GBN, commencing adversarial proceedings against Appellees Hunter, Humphrey & Yavitz, PLC, and

Candess J. Hunter, Isabel M. Humphrey, and Randall S. Yavitz. Appellant asserted claims of professional negligence, breach of contract and breach of fiduciary duty.

On March 16, 2012, Appellees moved to withdraw the reference from Bankruptcy Court to the United States District Court for the District of Arizona, arguing that under *Stern v. Marshall*, the Bankruptcy Court lacked final adjudicatory authority over the adversarial proceeding. 564 U.S. ___, 131 S. Ct. 2594, 2620 (2011) (holding bankruptcy courts lack authority to "enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."). On July 27, 2012, the District Court denied the request finding that,

> Because the Adversary Proceeding involves private rights that will not be fully resolved by adjudication of the proof of claim, we conclude that the bankruptcy court does not have authority to enter final judgment over the counterclaim.
>
> Nevertheless, we are not persuaded that withdrawal of the reference is appropriate at this stage. *Stern* does not prohibit a bankruptcy court from issuing proposed findings of fact and conclusions of law on claims that ultimately must be decided by an Article III judge. *Stern*, 131 S. Ct. at 2604. Judicial economy is best served by allowing the bankruptcy judge, who is familiar with this case as well as the Virginia Action, to oversee pretrial matters, initially adjudicate dispositive motions, and issue a report and recommendation prior to withdrawal. Accordingly, we decline to withdraw the reference at this time.

(*Loomis v. Hunter, Humphrey & Yavitz PLC*, CV-12-00586-PHX-FJM, Doc. 12 at 3.)

At the conclusion of the adversarial proceeding before the Bankruptcy Court, Appellees moved for summary judgment, and on May 20, 2014, judgment was entered in their favor. (Doc. 11-2 at 1-2.) The proof of claim was also "deemed allowed in its entirety, and [to] be paid consistent with, and pursuant to, the terms of the Plan of Reorganization and the Court's June 12, 2012 Order confirming the modified plan." (*Id.*) Plaintiff filed the instant Notice of Appeal on June 10, 2014. (Doc. 1.)

"If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court." *Executive Benefits Insurance Agency v. Arkison*, 573 U.S. ___, 134 S.Ct. 2165, 2172 (2014). *See*

*also* 28 U.S.C. §§ 157(b), 158; Rule 8013, Fed. R. Bankr. P. On appeal, a bankruptcy court's "findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, *de novo*." *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996). "If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding *de novo* and enter final judgment." *Arkison*, 134 S.Ct. at 2172. *See also* 28 U.S.C. § 157(c). If a matter involves *Stern* claims, it proceeds in the same manner as a non-core matter. *Arkison*, 134 S.Ct. at 2167.

Here, Appellees request that an initial status conference be held to resolve whether the Bankruptcy Court erred in entering judgment rather than issuing a report and recommendation. The Court finds that resolution of this dispute is premature at this juncture. The issue of whether the adversarial proceeding adjudicated *Stern* claims and what standard of review should be accorded to the Bankruptcy Court's opinion should be addressed by the parties in their briefing on the merits. If the Court determines "that the Bankruptcy Court's entry of judgment was invalid," the Court will conduct a "*de novo* review and [enter] its own valid final judgment" to cure such error. *Arkison*, 134 S.Ct. at 2175. Likewise, if the Court determines that the Bankruptcy Court's entry of judgment was valid, it will be subject to appellate review. The record of the Bankruptcy Court's opinion is amply developed for either construction. Consequently, the parties' briefs shall sufficiently address the adversarial claims at issue.

The time for briefing will be set forth by a scheduling order to issue in this action following the filing of the certificate of readiness. Accordingly,

**IT IS ORDERED** that the Motion for Status Hearing (Doc. 5), and the Motion to Strike (Doc. 8) are **denied**.

Dated this 22nd day of July, 2014.

Honorable Steven P. Logan
United States District Judge